**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 25-cv-00362-NYW

JOSE LUIS TOVAR,

Applicant,

v.

WARDEN J.F. WILLIAMS,

Respondent.

---

**ORDER**

---

Applicant Jose Luis Tovar ("Applicant" or "Mr. Tovar"), has filed, pro se, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Application") [Doc. 1, filed February 3, 2025].[1] Mr. Tovar claims Respondent Warden J.F. Williams ("Respondent" or "Warden") has failed to properly calculate time credits to which he is entitled under the First Step Act ("FSA"). [*Id.*]. The Court must construe the Application and other papers filed by Mr. Tovar liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot and does not act as his advocate, *Hall*, 935 F.2d at 1110, and applies the same procedural rules and substantive law to Mr. Tovar as to a represented party, *Murray v. City of Tahlequah*, 312

---

[1] Where the Court refers to the filings made in the Electronic Case Files ("ECF") system in this action, it uses the convention [Doc. ___]. When the Court refers to the ECF docket number for a different action, it uses the convention [Dkt. No. ___]. In either case, the Court identifies the page number as assigned by the ECF system.

F.3d 1196, 1199 n.3 (10th Cir. 2008). After reviewing the record, the Court respectfully concludes that Mr. Tovar is not entitled to the relief requested.

**BACKGROUND**

Mr. Tovar is incarcerated in the custody of the Federal Bureau of Prisons ("BOP"). [Doc. 1 at 1]. In the Application, he alleges that he has earned time credits under the FSA beginning on December 21, 2018, based on his participation in evidence-based recidivism reduction ("EBRR") programming. [*Id.* at 2, 5]. He further alleges that on or about September 5, 2024, the BOP revoked the FSA time credits he had earned from January 1, 2023, through September 5, 2024, and he was told the credits were revoked because he had opted out of GED classes, which were a recommended FSA program. [*Id.* at 3, 5–6]. According to Mr. Tovar, the credits should not have been revoked because he was told he only needed to complete 240 hours of GED classes, and he actually completed 428 hours of GED classes in 2014. [*Id.* at 6–7]. Mr. Tovar alleges he was never told he would lose FSA time credits for choosing not to participate in additional GED classes. [*Id.* at 6]. And BOP staff never documented that he chose to opt out of additional GED classes or that he was not receiving FSA time credits as a result of opting out of additional GED classes. [*Id.* at 7]. In any case, Mr. Tovar was continuously enrolled and participating in several FSA programs during the relevant time, and he was not given any written notice that his FSA time credits were being revoked in September 2024. [*Id.* at 6–8].

Mr. Tovar seeks an order directing the BOP to calculate and credit him with the FSA time credits unlawfully revoked for the period from January 1, 2023, through

September 5, 2024. [*Id.* at 9]. On February 25, 2025, the Court ordered Respondent to show cause as to why the Application should not be granted. [Doc. 9].

On March 3, 2025, Mr. Tovar filed a Motion to Expand the Record Under Habeas Rule 7 ("Motion to Expand"), in which he argues that his FSA time credits were revoked in retaliation for filing grievances and this lawsuit. [Doc. 11]. In support of the retaliation claim, Mr. Tovar alleges that he filed a grievance in July 2024 after education department staff refused to permit him to enroll in GED classes and, although he was permitted to enroll in GED classes after he filed the grievance, someone in the education department changed his status to "GED UNSAT" and he lost all of his FSA time credits. [*Id.* at 2–3]. Mr. Tovar also alleges that his FSA time credit assessment, dated February 10, 2025, indicates he was "GED UNSAT" from May 8, 2015 to July 10, 2024. [*Id.* at 3]. At that point, Mr. Tovar alleges that he was placed on a waitlist to re-enroll in the GED program and that the BOP removed all FSA time credits he had earned from January 15, 2020, when the FSA became effective, through July 10, 2024. [*Id.* at 3, 31].

On March 27, 2025, Respondent filed a Response to the Court's Order to Show Cause ("Response"). [Doc. 12]. Respondent first argues Mr. Tovar's claim is not cognizable in a habeas corpus action under 28 U.S.C. § 2241. [*Id.* at 1]. Respondent also argues that, even if Mr. Tovar's claim is cognizable in a habeas corpus action, the BOP properly revoked Mr. Tovar's FSA credits for the period when he was not engaged in recommended programming. [*Id.* at 1–2]. Respondent acknowledges that Mr. Tovar completed more than 240 hours of GED programming between February 2013 and February 2015. [*Id.* at 4]. However, Respondent contends that Mr. Tovar declined to

participate in the recommended GED program from May 2015 until July 2024, when he indicated a desire to enroll and was placed on a waitlist to re-enroll. [*Id.* at 4–5]. Respondent also concedes that BOP records show Mr. Tovar was earning FSA time credits for several years until the error was discovered in December 2024. [*Id.* at 5–6]. According to Respondent, the error was corrected at that time and Mr. Tovar was disallowed 1,638 days of FSA time credits for the period from January 2020 through July 10, 2024. [*Id.* at 6]. Finally, Respondent argues that Mr. Tovar was provided sufficient notice both that he would not earn credits if he declined programming and that his credits had been disallowed. [*Id.* at 12]. Respondent does not address the retaliation claim Mr. Tovar asserts in his Motion to Expand. *See generally* [*id.*].

On April 21, 2025, Mr. Tovar filed Applicant's Reply to Respondent's Response to Order to Show Cause. [Doc. 13].

**LEGAL STANDARDS**

The FSA provides in relevant part that an eligible prisoner "who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits" that "shall be applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(A), (C). To administer time credits under the FSA, the BOP must (1) determine each inmate's risk of recidivism and categorize the risk as minimum, low, medium, or high; (2) assess and determine each inmate's risk of violent or serious misconduct; (3) determine the type and amount of EBRR programming that is appropriate for each inmate; (4) periodically reassess each inmate's risk of recidivism; (5) reassign the inmate to appropriate EBRR programs and productive

activities ("PAs") based on the reassessment; (6) determine when to provide incentives and rewards for successful participation in EBRR programs and PAs; and (7) determine when the inmate is ready for transfer to pre-release custody or supervised release. *See* 18 U.S.C. § 3632(a)(1)–(7).

An eligible inmate "shall earn 10 days of time credits for every 30 days of successful participation in [EBBR] programming or [PAs]." 18 U.S.C. § 3632(d)(4)(A)(i). An inmate "shall earn an additional 5 days of time credits for every 30 days of successful participation in [EBRR] programming or [PAs]" if the BOP determines the inmate is "at a minimum or low risk for recidivating" and "has not increased their risk of recidivism" over "2 consecutive assessments." 18 U.S.C. § 3632(d)(4)(A)(ii).

The FSA does not itself define "successful participation," but the BOP has adopted a regulation stating that "successful participation" requires a determination by BOP staff that an eligible inmate "has participated" in the recommended EBRR programs or PAs "and has complied with the requirements of each particular EBRR Program or PA." 28 C.F.R. § 523.41(c)(2). An inmate is not considered to be successfully participating in recommended EBRR programs or PAs if, among other things, the inmate opts out or chooses not to participate in a recommended EBRR program or PA. *See* 28 C.F.R. § 523.41(c)(4)(v). "If an eligible inmate 'opts out' or chooses not to participate in any" recommended EBRR or PA, "the inmate's choice must be documented by staff." 28 C.F.R. § 523.41(c)(5)(i). "Opting out will result in exclusion from further benefits or privileges allowable under the FSA, until the date the inmate 'opts in' (chooses to participate in the [recommended] EBRR programs or PAs)." 28 C.F.R.

§ 523.41(c)(5)(iii). Mr. Tovar makes no argument that the BOP cannot disallow FSA credits for inmates who opt out or choose not to participate in recommended EBRR or PAs as provided in § 523.41(c)(4)(v).

To successfully participate in a recommended GED program, an inmate must earn at least the first 240 instructional hours and remain enrolled in the program. *See* [Doc. 12-2 at ¶ 8]. An inmate is not making satisfactory progress toward a GED if the inmate refuses to enroll or drops out. *See* [*id.* at ¶ 9]. Mr. Tovar does not allege that he was enrolled in GED classes at any time after May 2015 until he decided to re-enroll in July 2024.

**ANALYSIS**

**I. Motion to Expand the Record**

The Court will first address Mr. Tovar's Motion to Expand. [Doc. 11]. As noted above, Mr. Tovar argues for the first time in the Motion to Expand that his FSA time credits were revoked in retaliation for filing grievances and this lawsuit. [*Id.* at 3]. Mr. Tovar specifically refers to a grievance he filed in July 2024 after he initially was not allowed to re-enroll in the GED program. [*Id.* at 2–3]. Mr. Tovar has not, however, filed an amended application that includes the retaliation claim. *See United States v. Roe*, 913 F.3d 1285, 1296 (10th Cir. 2019) (recognizing that a petitioner may amend his § 2255 petition "at any time during post-conviction proceedings with leave of court" (citing Fed. R. Civ. P. 15(a)(2)). Construing the Motion to Expand liberally as a motion to amend, the Court will deny the motion for two reasons.

First, the retaliation claim is subject to dismissal because there is no indication in

the record before the Court that the claim is exhausted.[2] Exhaustion of available administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). And "[t]he burden of showing exhaustion rests on the petitioner in federal habeas corpus actions." *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981) (per curiam); *see also Jones v. Davis*, 366 F. App'x 942, 944 (10th Cir. 2010). For federal prisoners like Mr. Tovar, the mandatory exhaustion process established by the BOP's Administrative Remedy Program is codified at 28 C.F.R. §§ 542.10–542.19.

Mr. Tovar submitted a copy of an informal resolution attempt, dated September 23, 2024, in which he alleged the change in the calculation of his FSA time credits on September 5, 2024 "was made by CSW MORALEZ in retaliation for my filing grievances against him concerning his failure to file my halfway house transfer paperwork." *See* [Doc. 11 at 34]. However, in that informal resolution attempt, Mr. Tovar did not allege that his FSA time credits were revoked in retaliation for filing a grievance in July 2024 or that his FSA time credits were revoked in retaliation for filing this lawsuit. *See* [*id.*]. Even if the informal resolution attempt did relate to the retaliation claim Mr. Tovar raises in the Motion to Expand, [Doc. 11], there is no indication in the record before the Court that Mr. Tovar completed the BOP Administrative Remedy Program with respect to the retaliation

---

[2] During initial review of this action, Respondent filed a Preliminary Response to Application for Writ of Habeas Corpus "notif[ying] the Court that Respondent does not intend to raise the affirmative defense of exhaustion of administrative remedies with regard to the claims raised in the instant Application." [Doc. 8]. The Court reiterates that the retaliation claim was not raised in the Application. *See* [Doc. 1].

claim.

Second, the Motion to Expand must be denied because, for the reasons discussed below, the retaliation claim may not be raised in the instant case.

**II. FSA Time Credit Claims**

The Court will next address Respondent's argument that Mr. Tovar's claim is not cognizable in a habeas corpus action because FSA time credits do not reduce the length of an inmate's sentence.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, an application for a writ of habeas corpus "challenges the fact or duration of . . . confinement and seeks immediate release or a shortened period of confinement." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (citing *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)).

The Court agrees with Respondent that FSA time credits do not necessarily reduce the length of an inmate's sentence. FSA time credits do not mimic good conduct time credits under 18 U.S.C. § 3624(b) that apply "toward the service of the prisoner's sentence." Instead, FSA time credits "shall be applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C). However, pre-release custody includes being placed in either home confinement or a residential reentry center. *See* 18 U.S.C. § 3624(g)(2)(A), (B). Thus, because prerelease custody is still considered custody, FSA time credits do not necessarily reduce the length of time a

federal prisoner remains in custody. *See, e.g., Johns v. Ciolli*, No. 23-cv-02597-DDD, (D. Colo. Feb. 16, 2024), Dkt. No. 27 at 7; *Fiorito v. Fikes*, No. 22-cv-00749-PJS-TNL, 2022 WL 16699472, at *5 (D. Minn. Nov. 3, 2022) (distinguishing between good conduct time credits that "entitle a prisoner to a reduction in his sentence, period," and FSA time credits that do not necessarily reduce the duration of the prisoner's confinement); *see also Sedlacek v. Rardin*, No. 24-1254, 2025 WL 948485, at *1 (6th Cir. 2025) (rejecting constitutional due process claim because "[c]ourts have routinely held that a federal prisoner does not have a liberty interest in receiving credits under the FSA"); *McDonald v. Ciolli*, No. 23-cv-03211-NYW (D. Colo. Nov. 6, 2024), Dkt. No. 17 at 9 (finding that a federal prisoner "does not have a liberty interest in earning FSA credits to potentially reduce time spent in prerelease custody or supervised release").

In addition, unlike good time credits, application of time credits earned under the FSA is not automatic. The inmate must have earned credits "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment"; the inmate must have "shown through the periodic risk reassessments a demonstrated recidivism risk reduction or ha[ve] maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment"; and the inmate must have "had the remainder of [his] imposed term of imprisonment computed under applicable law." 18 U.S.C. § 3624(g)(1)(A)–(C); *see also* 28 C.F.R. § 523.44. Thus, FSA time credits may never be applied. *See Fiorito*, 2022 WL 16699472, at *5 ("[A]pplication of [FSA time credits] is contingent on maintaining a minimal or low risk of recidivism as assessed by the BOP or, alternatively, on receiving an exception to that requirement from the warden of the facility where the

prisoner is detained.").

For these reasons, the Court finds that Mr. Tovar's claims challenging the revocation of his FSA time credits must be dismissed because success on the claims will not necessarily reduce the length of his confinement. Thus, the claims may not be raised in a habeas corpus action.3

**CONCLUSION**

For the reasons discussed in this order, Mr. Tovar is not entitled to relief in this action. Accordingly, **IT IS ORDERED** that:

(1) The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **DENIED** and this case is **DISMISSED with prejudice**;

(2) Applicant's Motion to Expand the Record Under Habeas Rule 7 [Doc. 11] is **DENIED;**

(3) Applicant's Request to Expand the Record Under Habeas Rule 7, [Doc. 14], is **DENIED as moot**; and

(3) A copy of this Order shall be sent to:

Jose Luis Tovar
#14062379
Englewood Federal Correctional Institution Inmate Mail/Parcels
9595 West Quincy Avenue
Littleton, CO 80123

---

[3] Mr. Tovar's second motion to expand the record, [Doc. 14], disputes the facts set out in the Response but does not address whether claims based on FSA time credits may be raised in a habeas petition. Accordingly, that motion is **DENIED as moot**.

DATED: July 11, 2025

BY THE COURT:

Nina Y. Wang
United States District Judge